# APRIL 12, 1933

### Dennis Adams v. The State.

No. 15808.   Delivered April 12, 1933.
Reported in 59 S. W. (2d) 384.

The opinion states the case.

*C. F. Sentell,* of Snyder, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The case is one of circumstantial evidence. A store was burglarized at Hermleigh twelve miles from Snyder, Scurry county, Texas, on the night of December 25, 1931, and 400 pounds of Imperial sugar was taken. The locks on the door were broken. The burglary was discovered the next morning, and officers were notified who came to the scene and observed the fresh tracks of a car having two smooth tires and two with treads, said by the officers to correspond with the tires on the car of Elton Morrow. The tracks of two men were also observed, one a large track, said to be about the size of Morrow's track, and the other a smaller track, said to be about the size of appellant's track.

A quantity of sugar, a part of which was Imperial sugar, and part Holly sugar, and also some tobacco were found the next day under a bridge about ten miles from Hermleigh; said bridge just referred to being on the Snyder-Colorado City highway. Officers were notified of this find, and stationed themselves to watch. They testified that that night Elton Morrow, this appellant, and Morrow's wife came by going toward Snyder, stopped their car, and one of the officers testified that he heard Morrow tell Mrs. Morrow, who was left in the car, to honk the horn if she saw any one coming. Morrow and appellant went under the bridge and were in the act of moving the sugar and carrying it to the car when the officers arrested them. They told the officers that they were going that afternoon from Snyder down to Colorado City, and stopped the car near said bridge in order to let Mrs. Morrow relieve her kidneys, and that she went under the bridge, and came back presently and reported she had found a quantity of sugar. Appellant testified that this was his first knowledge of the sugar, and that he and Morrow went down under the bridge and looked at it after Mrs. Morrow reported the find, but that they went on to Colorado City, and, as they were returning that night and approached the place, some of them suggested that they go down and see if the sugar was still there, and if so they would get it.

The indictment in this case was returned in March, 1932. Shortly afterward subpoenaes were obtained by the defense for Mrs. Elton Morrow and Fermon Sturdivant, among other wit-

nesses. The case was postponed upon the application of appellant at the February term, which makes the continuance applied for by him later in October occupy the attitude of a second application for continuance. In an application for continuance made in October, 1932, it is set up that, when the case was postponed in March, it was transferred to a special district court presided over by Judge Brooks; that every time said case had been set down or called for trial in Judge Brooks' court appellant and all of his witnesses had been present and ready for trial. It was further alleged that the case was transferred from Judge Brooks' court to that of Judge Mauzey shortly before the date of this trial, and, when appellant was notified of the last transfer and began to get ready for trial, he found that Mrs. Morrow was temporarily in Canada, and Fermon Sturdivant was temporarily out of the state of Texas, but it was alleged in the application that appellant had every reason to believe these witnesses could be present at the next term of court if the case should be continued.

We think the case should have been continued. The testimony of Mrs. Morrow as stated in the application, in effect, that she and her husband were in Post City, in Garza county, on the night of the alleged burglary, and that they drove home to Snyder through the mud that night; that the next day, December 26th, they asked this appellant to go with them down to Colorado City to visit friends and relatives, and that the occurrences above referred to on the journey to and from Colorado City occurred as above set out, would unquestionably be very material to appellant's defense. The defense was that of an alibi, he claiming that there was a dance in Snyder on the night of December 25th, at which he was present continuously until about one o'clock, and that from the dance he went to his home, accompanied by Fermon Sturdivant, who spent the night with him. Appellant had a number of witnesses to testify to his continuous presence at the dance until same broke up. His relatives testified that he and Fermon Sturdivant came home together about one o'clock on the night of December 25th, and that they were there at about eight-thirty the next morning. Sturdivant appears to be the only person who could satisfactorily account for appellant's whereabouts from the time they went to bed until the next morning. The application for continuance contained all of the statutory requisites for a second application. We think it should have been granted.

Appellant asked a special charge, in effect, that, if the jury believed that his first connection with the sugar in question was

when he saw same under the bridge, or if the jury had a reasonable doubt that this was his first connection with the alleged stolen sugar, they should acquit him. This might appear an affirmative defense supplementing his defense of alibi, and it occurs to us that this charge should have been given.

For the error of the refusal of a continuance the judgment will be reversed and the cause remanded.

*Reversed and remanded.*